ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

                         :

UNITED STATES OF AMERICA

                         :

        - v. -              :      SEALED INDICTMENT

                         :      S2 07 Cr. 1156

WILLIAM LARA,
JOSE ANGELO GUTIERREZ,        :
   a/k/a "El Negro,"       :
ALEXANDER OBANDO SALAZAR,
   a/k/a "Primo,"         :
JOSE HEBERTO ALVAREZ DENIS,
   a/k/a "Gordo,"          :
WILL ALBERTO ALVAREZ DENIS,
GERMAN EDUARDO LOPEZ DAZA, and  :
GUSTAVO ADOLFO GRANADA BERNAT,
                         :

        Defendants.

- - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____         │
│ DATE FILED: 3-27-08              │
└─────────────────────────────────┘
```

COUNT ONE

The Grand Jury charges:

    1.   From approximately 2006, up to and including in or about January 2008, in the Southern District of New York and elsewhere, WILLIAM LARA, JOSE ANGELO GUTIERREZ, a/k/a "El Negro," ALEXANDER OBANDO SALAZAR, a/k/a "Primo," JOSE HEBERTO ALVAREZ DENIS, a/k/a "Gordo," WILL ALBERTO ALVAREZ DENIS, GERMAN EDUARDO LOPEZ DAZA, and GUSTAVO ADOLFO GRANADA BERNAT, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

    2.   It was a part and an object of the conspiracy that WILLIAM LARA, JOSE ANGELO GUTIERREZ, a/k/a "El Negro," ALEXANDER

OBANDO SALAZAR, a/k/a "Primo," JOSE HEBERTO ALVAREZ DENIS, a/k/a
"Gordo," WILL ALBERTO ALVAREZ DENIS, GERMAN EDUARDO LOPEZ DAZA,
and GUSTAVO ADOLFO GRANADA BERNAT, the defendants, and others
known and unknown, would and did distribute and possess with
intent to distribute a controlled substance, to wit, one kilogram
and more of mixtures and substances containing a detectable
amount of heroin, in violation of Title 21, United States Code,
Sections 812, 841(a)(1) and 841(b)(1)(A).

3.    It was further a part and an object of the
conspiracy that WILLIAM LARA, JOSE ANGELO GUTIERREZ, a/k/a "El
Negro," and GUSTAVO ADOLFO GRANADA BERNAT, the defendants, and
others known and unknown, would and did distribute and possess
with intent to distribute a controlled substance, to wit, five
kilograms and more of mixtures and substances containing a
detectable amount of cocaine, in violation of Title 21, United
States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

<u>Overt Acts</u>

4.    In furtherance of said conspiracy and to effect
the illegal objects thereof, the following overt acts, among
others, were committed in the Southern District of New York and
elsewhere:

a.    On or about July 5, 2007, JOSE HEBERTO
ALVAREZ DENIS, a/k/a "Gordo," the defendant, had a conversation

2

over the telephone with JOSE ANGELO GUTIERREZ, a/k/a "El Negro," the defendant, about obtaining money to pay for narcotics.

b. On or about July 6, 2007, ALEXANDER OBANDO SALAZAR, a/k/a "Primo," the defendant, had a conversation over the telephone with GUTIERREZ about obtaining narcotics.

c On or about July 6, 2007, GUSTAVO ADOLFO GRANADA BERNAT, the defendant, had a conversation over the telephone with GUTIERREZ about payment for transportation costs of narcotics.

d. On or about July 6, 2007, GUTIERREZ made a payment of approximately 58 million Colombian pesos in Bogota, Colombia, for transportation costs for a quantity of heroin.

e. On or about July 8, 2007, WILLIAM LARA, the defendant, possessed approximately 20 kilograms of heroin in Bogota, Colombia, which were supposed to be sent to New York.

f. On or about July 10, 2007, two co-conspirators not named as defendants herein met with a confidential informant in Manhattan, New York.

g. On or about July 13, 2007, WILL ALBERTO ALVAREZ DENIS, the defendant, had a conversation over the telephone with GUTIERREZ about a shipment of narcotics that was supposed to be delivered to New York.

h.    On or about July 14, 2007, LARA and GUTIERREZ had a conversation over the telephone about a cocaine transaction.

i.    On or about July 16, 2007, BERNAT had a conversation with GUTIERREZ over the telephone about a cocaine transaction.

j.    On or about July 23, 2007, GERMAN EDUARDO LOPEZ DAZA, the defendant, had a conversation over the telephone with SALAZAR about a vehicle that had been impounded in New York.

(Title 21, United States Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

5.    From approximately 2006, up to and including in or about January 2008, in the Southern District of New York and elsewhere, WILLIAM LARA, JOSE ANGELO GUTIERREZ, a/k/a "El Negro," ALEXANDER OBANDO SALAZAR, a/k/a "Primo," JOSE HEBERTO ALVAREZ DENIS, a/k/a "Gordo," WILL ALBERTO ALVAREZ DENIS, GERMAN EDUARDO LOPEZ DAZA, and GUSTAVO ADOLFO GRANADA BERNAT, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

6.    It was a part and an object of the conspiracy that WILLIAM LARA, JOSE ANGELO GUTIERREZ, a/k/a "El Negro," ALEXANDER

4

OBANDO SALAZAR, a/k/a "Primo," JOSE HEBERTO ALVAREZ DENIS, a/k/a

"Gordo," WILL ALBERTO ALVAREZ DENIS, GERMAN EDUARDO LOPEZ DAZA,

and GUSTAVO ADOLFO GRANADA BERNAT, the defendants, and others

known and unknown, would and did import into the United States

from a place outside thereof a controlled substance, to wit, one

kilogram and more of mixtures and substances containing a

detectable amount of heroin, in violation of Title 21, United

States Code, Sections 812, 952, 960(a)(1), and 960(b)(1)(A).

<u>Overt Acts</u>

7.    In furtherance of said conspiracy and to effect

the illegal object thereof, the following overt acts, among

others, were committed in the Southern District of New York and

elsewhere:

a.    On or about July 5, 2007, JOSE HEBERTO

ALVAREZ DENIS, a/k/a "Gordo," the defendant, had a conversation

over the telephone with JOSE ANGELO GUTIERREZ, a/k/a "El Negro,"

the defendant, about obtaining money to pay for narcotics.

b.    On or about July 6, 2007, ALEXANDER OBANDO

SALAZAR, a/k/a "Primo," the defendant, had a conversation over

the telephone with GUTIERREZ about obtaining narcotics.

c    On or about July 6, 2007, GUSTAVO ADOLFO

GRANADA BERNAT, the defendant, had a conversation over the

telephone with GUTIERREZ about payment for transportation costs

of narcotics.

d.    On or about July 6, 2007, GUTIERREZ made a payment of approximately 58 million Colombian pesos in Bogota, Colombia, for transportation costs for a quantity of heroin.

e.    On or about July 8, 2007, WILLIAM LARA, the defendant, possessed approximately 20 kilograms of heroin in Bogota, Colombia, which were supposed to be sent to New York.

f.    On or about July 10, 2007, two co-conspirators not named as defendants herein met with a confidential informant in Manhattan, New York.

g.    On or about July 13, 2007, WILL ALBERTO ALVAREZ DENIS, the defendant, had a conversation over the telephone with GUTIERREZ about a shipment of narcotics that was supposed to be delivered to New York.

h.    On or about July 23, 2007, GERMAN EDUARDO LOPEZ DAZA, the defendant, had a conversation over the telephone with SALAZAR about a vehicle that had been impounded in New York.

(Title 21, United States Code, Section 963.)

**FORFEITURE ALLEGATION**

8.    As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, WILLIAM LARA, JOSE ANGELO GUTIERREZ, a/k/a "El Negro," ALEXANDER OBANDO SALAZAR, a/k/a "Primo," JOSE HEBERTO ALVAREZ DENIS, a/k/a "Gordo," WILL ALBERTO ALVAREZ DENIS, GERMAN EDUARDO LOPEZ DAZA, and GUSTAVO ADOLFO GRANADA BERNAT, the defendants, shall forfeit

to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment, including but not limited to a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offenses alleged in Count One of the Indictment, for which the defendants are jointly and severally liable.

<u>Substitute Asset Provision</u>

9.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any property of the defendants up

to the value of the above forfeitable property.

    (Title 21, United States Code, Sections 846, 853, and 970.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

8

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

**WILLIAM LARA, JOSE ANGELO GUTIERREZ,**
**a/k/a "El Negro," ALEXANDER OBANDO**
**SALAZAR, a/k/a "Primo," JOSE HEBERTO**
**ALVAREZ DENIS, a/k/a "Gordo," WILL**
**ALBERTO ALVAREZ DENIS, GERMAN EDUARDO**
**LOPEZ DAZA, and GUSTAVO ADOLFO GRANADA**
**BERNAT,**

Defendants.

---

**SEALED INDICTMENT**

S2 07 Cr. 1156

(Title 21, United States Code,
Section 846)

---

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Foreperson.

---